# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-1092V
Filed: June 14, 2018

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| DARLA SHAFFER, * | |
| * | UNPUBLISHED |
| Petitioner, * | |
| v. * | Special Master Oler |
| * | |
| SECRETARY OF HEALTH * | Decision on Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

*Kenneth R. Behrend*, Behrend and Ernsberger, P.C., for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 1, 2016, Darla Shaffer ("Petitioner"), filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that she suffered from Type I Chronic Regional Pain Syndrome ("CRPS") as a result of receiving a trivalent influenza ("flu") vaccine on September 17, 2014. Petition ("Pet.") at 1, ECF No. 1. On January 16, 2017, Respondent filed a Rule 4(c) Report stating that compensation is appropriate in this case. ECF No. 9 at 6. On July 20, 2017, Respondent filed a proffer recommending that compensation be provided to Petitioner in the amount of $227,018.33. *See* ECF No. 26 at 2. The special master previously assigned to this case issued a Decision on July 21, 2017, adopting Respondent's proffer and awarding compensation. *See* Decision, ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act" or "Vaccine Program"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.      **Relevant Procedural History Regarding Attorneys' Fees and Costs**

This case was transferred to my docket on December 7, 2017. *See* ECF Nos. 33-34. On December 14, 2017, Petitioner filed a motion for attorneys' fees and costs (AFC Motion), requesting $37,942.00 in attorneys' fees, and $634.55 in attorneys' costs,[3] for a total of $38,576.55. Petitioner's ("Petr's") Application ("App.") dated December 14, 2017, ECF No. 35 at 8. In accordance with General Order #9, Petitioner filed a signed statement indicating that she incurred out-of-pocket litigation expenses in the amount of $10.00. *See* Ex. 8, General Order #9 Statement, ECF No. 35-8. Petitioner also seeks reimbursement of those out-of-pocket expenses. *See* AFC Motion at 8.

On December 15, 2017, Respondent filed a response to Petitioner's AFC motion. Respondent's Response, dated December 15, 2017, ECF No. 36. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id*. at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id*. at 2. Additionally, he "respectfully recommends that [I] exercise [my] discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

Petitioner did not file a reply. This matter is now ripe for a decision.

II.     **Applicable Law and Discussion**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees and costs is automatic. *Id.*; *see also Sebelius v. Cloer*, 569 U.S. 369, 373 (2013). Thus, as a successful Vaccine Act petitioner, Ms. Shaffer is entitled to a fees and costs award.

I have reviewed the detailed billing records and cost invoices submitted with Petitioner's AFC Motion (*see* Ex. 1 entitled "Attorney Fees and Costs," ECF No. 35-1), and approve the requested attorneys' fees and costs as being overall reasonable. Petitioner's requested out-of-pocket expenses also appear to be reasonable, and will be awarded in full.

---

[3] In her AFC Motion, Petitioner states the following:

> Petitioner has incurred a total of $644.55 in costs which, with the exception of $10.00 paid in notary costs, have been paid by Petitioner's counsel.

AFC Motion at 8. Thus, Petitioner in essence requests to be reimbursed for $634.55 in her attorneys' costs, and $10.00 in her own out-of-pocket expenses.

### III.     Total Award Summary

Accordingly, I award the following amounts:

    (1) **$38,576.55**, representing $37,942.00 in attorneys' fees and $634.55 in costs, in the form of a check payable jointly to Petitioner and her counsel, Kenneth R. Behrend; and

    (2) **$10.00**, representing Petitioner's out-of-pocket expenses, in the form of a check payable to Petitioner, Darla Shaffer.

Payment of this amount represents all attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).  The Clerk of the Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

        **/s/ Katherine E. Oler**
        Katherine E. Oler
        Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.